UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 3:21-cr-00069-01** |
| | : | |
| **VERSUS** | : | **JUDGE TERRY A. DOUGHTY** |
| | : | |
| **LANDON M. FLEMING** | : | **MAG. JUDGE KAYLA D. McCLUSKY** |

**MEMORANDUM RULING**

Before this Court is a Motion to Reduce Sentence Pursuant to USSC Amendment 821 [Doc. No. 46] ("Motion to Reduce Sentence") filed by Defendant Landon M. Fleming ("Fleming"). A 2023 Retroactive Amendment 821 Worksheet [Doc. No. 48] ("Retroactive Report") was filed by the U. S. Probation Office on November 1, 2023. An Opposition [Doc. No. 49] was filed by the United States of America (the "Government") on December 4, 2023, and a Memorandum [Doc. No. 50] was filed by Fleming on December 12, 2023.

For the reasons set forth herein, Fleming's Motion to Reduce Sentence [Doc. No. 46] is **DENIED.**

### I.   BACKGROUND

Fleming pled guilty to one count of possession of a firearm by a convicted felon pursuant to 18 U.S.C.§ 922(g)(1) on July 21, 2021.[1] On November 22, 2021, Fleming was given a guideline sentence of 57 months (reduced by 19 months for state time served), followed by 3 years of supervised release.[2]

---

[1] [Doc. No. 25]
[2] [Doc. No. 44] The Sentence was adjusted by 19 months for time Bureau of Prison credited Fleming pursuant to §5K2.23 and 5G1.3(b).

1

On November 1, 2023, Fleming's Motion to Reduce Sentence was filed. The Retroactivity Report and responses on behalf of the Government and Fleming have been filed.

According to the Retroactivity Report, the effect of Amendment 821 would be to reduce Fleming's guideline range from 46-57 months to 37-46 months.

## II.   LAW AND ANALYSIS

In Part A of Amendment 821 to the United States Sentencing Guidelines, the Sentencing Commission addressed the "status points" provision regarding criminal history. The amended provision results in a defendant that had seven criminal history points or more receives one additional status point, instead of two. The amended provision also results in a defendant that had six criminal history points or fewer, receives no status points.

In Fleming's case, Fleming now receives one status point (instead of two) for a total of nine criminal history points. Fleming's criminal history category is reduced to IV (instead of V), which reduces the guideline range to 37-46 months.

This amendment was made retroactive, but a court may not order the release of a defendant to occur prior to February 1, 2024.[3] In *Dillon v. United States*, 560 U.S. 817 (2010), the Supreme Court addressed the process for application of a retroactive guideline amendment. The Court adopted the following two-step analysis:

> (1) determine the defendant's eligibility for sentence modification and determine what amended guideline range would have been applicable to the defendant;
>
> (2) consider any applicable 18 U.S.C. § 3553(a) factors and determine whether the reduction is warranted in whole or in part under the particular circumstances of the case.

A court generally may not reduce a defendant's sentence to less than the minimum of the

---

[3] USSG 1B1.10(c)(2) (Nov. 1, 2023)

2

substantiated guideline range. Applying the *Dillon* two step analysis, (1) Fleming is eligible for the reduction and his guideline range is reduced from 46-57 months to 37-46 months. (2) This Court **DENIES** Fleming further reduction. First, Fleming previously received a guideline sentence of 57 months. In evaluating the 18 U.S.C. § 3553(a) factors, additional reduction is not warranted. Not only did Fleming commit the crime of possession of a firearm by a convicted felon, but Fleming refused to stop his vehicle for law enforcement, which led to an extensive pursuit with speeds exceeding 120 miles per hour.[4] Additionally, Fleming has prior convictions for attempted possession of marijuana, distribution of oxycodone, felony theft, forgery, and issuing worthless checks.[5] Two additional status points were also added under § 4A1.1(d) because the offense was committed when Fleming was on supervised release.[6]

The Court has also considered Fleming's physical and mental health issues, that Fleming has completed the Non-Residential Drug Program, and that Fleming has completed a Trauma Stress Course.

A Court may also consider post-sentencing conduct.[7] Fleming has the following disciplinary violations while in Bureau of Prison custody[8]: (1) on December 16, 2022, Fleming admitted to possession of an item that resulted in Fleming testing positive for methedrine; (2) Fleming admitted to possession of a commercial lighter found in his rectum on September 19, 2022; and (3) on June 6, 2022, Fleming admitted possession of tobacco. Fleming should not be rewarded for post-sentencing bad behavior. Therefore, after weighing the 18 U.S.C. § 3553(a) factors, this Court finds Fleming is not entitled to additional reduction.

---

[4] [Doc. No. 33, p. 4 @ para. 14]
[5] [Doc. No. 33, pp. 6-9]
[6] [Doc. No. 33, p. 9 @ para. 40]
[7] USSG Application note 1(B)(iii)
[8] [Doc. No. 49-1, pp. 1-10]

Therefore, further reduction of Fleming's sentence is not warranted.

### III. CONCLUSION

For the reasons set forth herein, Fleming's Motion to Reduce Sentence [Doc. No. 46] is **DENIED**.

MONROE, LOUISIANA, this 12th day of December 2023.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**